UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:15-CR-87-DCR-REW

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.                        OPPOSITION TO DEFENDANT'S
                          MOTION TO DISMISS AND LIMINE

SAMUEL A. GIROD                                                                  DEFENDANT

********************

The United States, through counsel, hereby responds to the Defendant's Motion to Dismiss and Limine. Defendant Samuel A. Girod has been accused of certain offenses under the Federal Food, Drug, and Cosmetic Act ("FDCA"), related to his continued sale of products that make certain health claims, and thus qualify as drugs under the FDCA. He is also accused of three obstruction of justice offenses. *See* Indictment, Docket Entry ("DE") 1 at ¶¶ 17-44. The Defendant now argues the Indictment should be dismissed for a variety of reasons, including lack of due process, lack of standing, and lack of jurisdiction. He also makes a number of motion *in limine* arguments about the use of certain terms at trial, the expert qualifications of certain individuals, and the appropriateness of the grand jury proceedings in his case. Motion to Dismiss and Limine ("Motion"), DE 45 at 1-11. His motion should be denied. The Indictment

1

plainly states a violation of federal law, and his motion *in limine* arguments fail to state a cognizable claim appropriate for a pre-trial ruling.

## I.   THE INDICTMENT IS CONSTITUTIONALLY VALID

A criminal defendant in federal court is generally charged by way of an indictment returned in open court by a grand jury. The indictment gives the defendant notice of the crime charged against him so that he can adequately prepare a defense. The reliance on indictments is based on the guarantees set forth in the Fifth and Sixth Amendment. *See Russell v. United States*, 369 U.S. 749, 760-61 (1962). Under this framework, there are two criteria for a federal indictment: (1) it must set forth the elements of the offense charged, thereby giving notice to a defendant of the accusations he must face; and (2) an indictment must be sufficiently specific so that the defendant may plead double jeopardy, if charged a second time with the same crime based on the same facts. *See Russell*, 369 U.S. at 763-64; *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992). A defendant may move for dismissal of an indictment prior to trial under Federal Rule of Criminal Procedure 12(b), if the indictment suffers from certain defects in meeting those two criteria. Under Rule 12(b), the court can only consider arguments "capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b)(2); *see also United States v. Knox*, 396 U.S. 77, 83 n.7 (1969).

On October 1, 2015, a federal grand jury returned an indictment against the Defendant in open court. The Indictment charged him with one count 18 U.S.C. § 372, conspiracy to impede an officer of the United States; one count 18 U.S.C. § 1505,

2

obstruction of proceedings before an agency; one count of 21 U.S.C. § 331(p), failure to register with the FDA; eight counts of 21 U.S.C. § 331(a), introducing misbranded products into interstate commerce with intent to defraud or mislead; and one count of 18 U.S.C. § 1512(b)(2)(A), witness tampering.  *See* Indictment, DE 1 at ¶¶ 7-44.  All of the alleged conduct stems from the Defendant's manufacturing and sale of three products, Chickweed Healing Salve, TO-MOR-GONE, and R.E.P, by his company, Satterfield Naturals, also known as S.A.E.G.  *Id.* at ¶¶ 1-6.  On November 2, 2015, the Defendant was arraigned on the charges against him and advised of his constitutional rights.  *See* Minute Entry for Initial Appearance, DE 11.  The Defendant has now moved to dismiss the Indictment for the reasons stated in his Motion, including lack of due process, lack of standing, lack of jurisdiction, and failure to comply with 5 U.S.C. § 554 and 21 U.S.C. § 335.

The Indictment is constitutionally valid and should not be dismissed.  Each of the twelve counts sets forth the elements of the offense charged.  *See* Indictment, DE 1 at ¶¶ 17-44.  Further, each count sets forth the date of the offense, the conduct alleged, and, for the misbranding counts, the product involved.  *Id.*  The Indictment meets the constitutional requirements of fairly informing the Defendant of the charges against him and enabling him to bar future prosecutions for the same conduct.  *Martinez*, 981 F.2d at 872; *see also Hamling v. United States*, 418 U.S. 87, 117 (1974) (indictment need only contain elements of the offense charged and fairly inform defendant of the charge against

3

which he must defend, and enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense).

The Defendant argues the Indictment should be dismissed for lack of due process, alleging the requirements of 5 U.S.C. § 554 mandate an agency hearing before he can be prosecuted criminally. Motion at 1, 8. Title 5 adjudication requirements apply only to those agency proceedings "required by statute to be determined on the record after opportunity for an agency hearing. 5 U.S.C. § 554(a). This requirement does not extend to federal criminal prosecutions, which are covered by the Federal Rules of Criminal Procedure. Similarly, the requirements set forth under 21 U.S.C. § 335 are not a prerequisite to criminal prosecution. *United States v. Dotterweich*, 320 U.S. 277, 279 (1943).

The Defendant's argument that the Food and Drug Administration ("FDA") does not have standing or jurisdiction over the Defendant's conduct, Motion at 2, 8, is also incorrect. The FDA is charged with enforcing the Federal Food, Drug, and Cosmetic Act, which has jurisdiction over drugs manufactured, processed, packed, or held for introduction into interstate commerce. 21 U.S.C. §§ 360(b)(1), 374. As alleged, the FDA has jurisdiction over the Defendant's products and conduct. Further, a federal grand jury has jurisdiction over all violations of federal criminal laws. *See* U.S. Const. amend. V; Fed. R. Crim. P. 6 & 7.

The remainder of the Defendant's motion to dismiss arguments address the merits of the case against him, including whether the products he made and sold qualify as

4

"drugs" under the FDCA, whether the FDA agents were prevented from discharging the duties of their offices, and whether the Defendant's conduct meets the elements under 18 U.S.C. §§ 1505 and 1512(b)(2)(A).  Motion at 5-7.  Such decisions must be determined by the jury at trial, and may not be resolved in a motion to dismiss.  Fed. R. Crim. P. 12(b)(2).

## II. THE DEFENDANT'S MOTION *IN LIMINE* ARGUMENTS SHOULD BE DENIED

The Defendant also advances a number of arguments requesting certain pre-trial rulings.  One request is to preclude the use of certain terms at trial.  He specifically seeks to bar use of the terms "drug" or "product," his name, terms such as "operates" and "establishment," and preclusion to referencing "Bath County" and "United States of America."  Motion at 2, 5, 10.  These requests do not state a cognizable claim that the Court can resolve.  The Court cannot referee word choice at trial absent a legitimate claim against using terms that are unfairly prejudicial.  *See*, *e.g.*, *United States v. Odeh*, No. 13-CR-20772, 2014 WL 5473042, at *10 (E.D. Mich. Oct. 27, 2014) (excluding the use of the term "terrorist" because it was highly prejudicial and created a danger of improperly influencing the jury's verdict).  None of the terms raised by the Defendant present such concerns and the Defendant's motion should be denied.

The Defendant also attacks the qualifications of three current or former FDA employees:  Charles Lee, M.D.; Robert Califf, M.D.; and Dr. Shaw T. Chen, M.D., Ph.D.  Motion at 3.  None of the individuals mentioned have been designated as

5

experts in this case, *see* Expert Witness Notification, DE 48, and thus the Court need not evaluate their qualifications pursuant to Federal Rules of Evidence 702, 703, or 704.

Finally, the Defendant raises allegations regarding the presentation to the Grand Jury. Motion at 8. Grand Jury proceedings are conducted largely in secret, with disclosure regulated by Federal Rule of Criminal Procedure 6. Fed. R. Crim. P. 6; *see also Douglas Oil Co. of Cal. V. Petrol Stops Northwest*, 441 U.S. 211 (1979). To the extent the presentation of the Indictment in this case relied on the testimony of a witness who will also testify at trial, his or her testimony will be disclosed to the Defendant pursuant to the Jencks Act, 18 U.S.C. § 3500. In limited circumstances, the Court may authorize disclosure under Federal Rule of Criminal Procedure 6(e)(2)(E)(ii), "at the request of a defendant who shows that a grounds may exist to dismiss the indictment because of a matter that occurred before the grand jury." The Defendant's Motion makes no such showing and the request should be denied.

## III.   CONCLUSION

The Indictment plainly states a violation of federal law and the Defendant's Motion to Dismiss should be denied. The Defendant also advances a variety of other arguments that fail to advance a claim appropriate for the Court's involvement, and should be denied.

    Respectfully submitted,

    KERRY B. HARVEY
    UNITED STATES ATTORNEY

                By:   /s/ Kate K. Smith
                      Assistant United States Attorney
                      260 W. Vine Street, Suite 300
                      Lexington, KY   40507
                      (859) 685-4855
                      Fax:   (859) 233-2747
                      kate.smith@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, and overnight mailed a copy to the Defendant, via Federal Express, to the following address:   409 Satterfield Lane, Owingsville, KY   40360.

                      /s/ Kate K. Smith
                      Assistant United States Attorney