UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
**FILED**

MAY -9 2016

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNTIED STATES OF AMERICIA, | : | Case Number |
| Plaintiff | : | 5:15-CR-87-DCR |
| | : | |
| Vs. | : | |
| | : | **Opposition to Expert Witness** |
| | : | **JANE E. LIEDTKA** |
| Samuel A. Girod | : | |
| **Accused, in error** | : | |

### I. Qualifications

1. We have no comment on 1-7 of this witness's statement.

### II. Statement of Objections

8. UNITED STATES, through council, stated in opposition of dismissal, that 21 U.S.C. could not be used as a defense against a criminal indictment. See page 3 and 4. Yet, nine of the counts on the invalid indictment come directly from U.S.C. 21 and this Expert Witness is using 21 U.S.C. to make a claim of Samuel's farm produce being a Drug. You cannot have it both ways, either 21 U.S.C. applies or it does not, unless it applies only when furthering the prosecution and does not apply when assisting the defense against frivolous claims. If part of 21U.S.C., applies, then all of 21U.S.C. applies, the prosecution cannot pick and choose which section applies and which does not.

9. No Drugs found..

10. No Drugs found.

11. Now U.S.C. 21 applies again?

12. Yes, agreed, but the FDA did an in-depth forensic analysis and found no escharotic agents. Does anyone reading this think that these escharotic agents were not extensively searched for in their testing? This witness should not be allowed to give testimony about a compound that does not exist in the FDA findings as this would be highly prejudicial and create a danger of improperly influencing the jury's verdict. *United States v. Odeh, No. 13 CR – 20772, 2014 WL 5473042at 10 (ED. Mich Oct. 27, 2014)*

Was this information presented to the Grand Jury? We do not know, as we were not invited to the proceeding. Is that Grounds for a dismissal of indictment?

13.     Irrelevant due to the fact that escharotic agents were not found in either analysis. Why is this PERSON going to testify about an element not present?

14.     Irrelevant due to the fact that escharotic agents were not found in either analysis. Why is this PERSON going to testify about an element not present?

15.     Irrelevant due to the fact that escharotic agents were not found in either analysis. Why is this PERSON going to testify about an element not present?

16.     Irrelevant due to the fact that escharotic agents were not found in either analysis. Why is this PERSON going to testify about an element not present?

17.     Irrelevant due to the fact that escharotic agents were not found in either analysis. Why is this PERSON going to testify about an element not present?

18.     Irrelevant due to the fact that escharotic agents were not found in either analysis. Why is this PERSON going to testify about an element not present?

19.     Irrelevant due to the fact that escharotic agents were not found in either analysis. Why is this PERSON going to testify about an element not present?

## Conclusion

This witness would only confuse the Jury when it is clear that the elements discussed were not found in the two different analyses performed, one being from the FDA itself. It would be extremely prejudicial and create a danger of improper influence for this alleged FDA expert witness to give testimony about an element that does not exist in the produce in question.
This expert witness cannot testify. We strongly object to this witness offering this opinion, it is simply ridiculous and simply does not apply to the matter.

*I hope this finds you well,*

*Samuel, House of Girod*

*End of document*

# Certificate of Service

Serviced by my hand and United States Postal Service signature required on this day;

Office of the Honorable Andy Beshear
Office of the Attorney General
700 Capitol Avenue, Suite 118
Frankfort, Kentucky

Criminal Branch Deputy Attorney General,
J. Michael Brown,
Office of the Attorney General
Frankfort, Kentucky

Commissioner of Food and Drugs,
Robert Califf, M.D.,
White Oak Campus, 10903 New Hampshire Avenue,
700 Capitol Avenue, Suite 118
Silver Spring, Maryland 20993

Chief Information Officer Todd Simpson
White Oak Campus, 10903 New Hampshire Avenue,
Silver Spring, Maryland 20993

Chief Counsel Elizabeth H. Dickinson.
White Oak Campus, 10903 New Hampshire Avenue,
Silver Spring, Maryland 20993

The Honorable Karen K. Caldwell
United States Chief Judge
US District Court
101 Barr Street
Lexington, KY 40507

The Honorable Robert E. Wier
United States Magistrate Judge
US District Court
101 Barr Street 40507

Attorney General
Loretta E. Lynch
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Samuel, House of Girod

End of Document