UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:15-CR-87-DCR-REW

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.         UNITED STATES' MOTION *IN LIMINE* TO
           EXCLUDE PRIVATE MEMBERSHIP ASSOCIATION DEFENSE

SAMUEL A. GIROD                                                             DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States, through counsel, hereby moves this Court *in limine* to exclude the defense that the sale of products through a "Private Membership Association" is exempt from federal regulations. Trial courts are vested with the discretion to exclude evidence inadmissible at trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (noting federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials); *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) ("Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible").

On February 13, 2014, the Defendant sent a letter to the United States Food and Drug Administration concerning the creation of his Private Membership Association. *See* Exhibit A, Notice of Satterfield Naturals to Sell and Market Products to Private Members Only in the Private Domain. The Defendant claimed his Private Membership Association could legally market products to its private members. *Id*. at 1. The Defendant claimed

under the First, Fifth, and Fourteenth Amendments, along with numerous United States Supreme Court cases, his Private Membership Association provides a "constitutional shelter, shield, and domain," which exempts the activities of the Private Membership Association from regulation by the local, state, or federal government. *Id*. at 2. The Defendant also alleged the United States Food and Drug Administration, among others, did not have jurisdiction or authority to investigate the private health association unless they had "some reasonable suspicion or evidence that the Association is being subjected to a clear and present danger of a substantive evil within the right to private health association." *Id*.; *see also* Exhibit B, Letter Dated February 21, 2014, Re: Compliance with Court Order to Distribute Satterfield Naturals Products to the Public; Exhibit C, Letter Dated September 8, 2015, Re: Illegal Harassment and Intimidation of the Private Health Membership Association Members.

The United States moves to exclude evidence that Private Membership Associations are exempt from federal regulations on the grounds that it is not a viable defense and will unfairly prejudice and confuse the jury. This defense should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

The United States Court of Appeals for the Eighth Circuit recently held that Private Membership Associations cannot circumvent regulations by the United States Food and Drug Administration. *See Lytle v. U.S. Department of Health and Human Services,* 612 F. App'x 861, 862 (8th Cir. 2015). The Eight Circuit concluded that a product sold through a Private Membership Association is not exempt from the application of the Food, Drug and Cosmetic Act ("FDCA"). *Id.* The court rejected the

argument that a Private Membership Association provides a 'constitutional shelter and shield' from regulation. *Id*.; *see also* 21 U.S.C. § 321(e) (persons subject to FDCA includes association); *United States v. Cole*, 84 F. Supp. 3d 1159, 1170-71 (D. Or. 2015) (issuing permanent injunction finding defendant's plan to create PMA was evidence "he intended to flout any injunction"); *United States v. Allgyer*, No. 11–02651, 2012 WL 355261, at *4 (E.D. Pa. Feb. 3, 2012) (granting summary judgment and issuing injunction against defendant selling raw milk through private membership cow sharing organization, finding defendant was regulated by FDCA).

Should the Defendant advance the theory that the activities of a Private Membership Association are free from regulation by the FDCA, it has great potential to unfairly prejudice the proceedings, confuse the issues, and mislead the jury. Those concerns substantially outweigh any probative value of the evidence and warrant excluding the theory at trial. *See* Fed. R. Evid. 403. Evidence or argument that the sale of products through a Private Membership Associations is exempt from federal regulation should be excluded under Federal Rule of Evidence 403.

    Respectfully submitted,

    KERRY B. HARVEY
    UNITED STATES ATTORNEY

By:   /s/ Kate K. Smith
    Assistant United States Attorney
    260 W. Vine Street, Suite 300
    Lexington, KY  40507
    (859) 685-4855
    Fax:  (859) 233-2747

kate.smith@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 22, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, and overnight mailed a copy to the Defendant, via Federal Express, to the following address:  409 Satterfield Lane, Owingsville, KY  40360.

      /s/ Kate K. Smith
      Assistant United States Attorney