RECEIVED

AUG 2 3 2016

DEBORAH S. HUNT, Clerk

United States of America
Sixth Circuit Court

Re: Samuel A. Girod        .        :
                                    :
V.                                  :
                                    :
Robert M. Califf                    :
Danny C. Reeves                     :          16-6301

# Mandamus

## Background:

After suffering intimidation, coercion and having never accepted the standby counsel as valid, I Samuel A. Girod, (after removal of this standby counsel namely Micheal B. Fox from this record,) hereby bring this Mandamus before this Honorable Court, Sui Juris.

Plaintiff, UNITED STATES, after the refusal to follow the rules governing all administrative hearings under the provisions of; 5 U.S. Code § 554 - **(a)** This section applies, according to the provisions thereof, *in every case of adjudication* required by statute *to be determined on the record* "*after*" *opportunity for an agency hearing*, illegally and unlawfully moved by taking the matter before the UNITED STATES District Court and,

Plaintiff, UNITED STATES, after ignoring the glaringly clear wording of a "Curious" Statute governing FDCA Statute at 21 U.S.C. § 335, which clearly and unambiguously states ; "Before any violation of this chapter is reported by the Secretary to any United States Attorney for institution of a Criminal proceeding, the person against whom such proceeding is contemplated shall be given appropriate notice and opportunity to present his views, either orally or in writing with regard to such contemplated proceeding.",did illegally and unlawfully take this matter to the UNITED STATES District Court.

After removal of Counsel Charles McFarland Esquire at the UNITED STATES District Court these clear jurisdictional, along with a host of other issues were properly presented before that UNITED STATES court and promptly dismissed by UNITED STATES Respondent and that matter is under appeal with this Honorable Court numbered at 16-6070 filed June 30, 2016, from UNITED STATES District Court of Eastern District of KENTUCKY numbered at 5:15-cr-00087-1.

UNITED STATES Respondent Reeves did recognize this appeal as self-evident at DE # 73, herein attachment "A". Jurisdiction clearly lays within this Circuit Court.

A careful examination of the record will show that UNITED STATES Respondent Califf through UNITED STATES ATTORNEY did cause to be filed yet another document into the record of UNITED STATES District Court on 07/21/16, DE # 74, herein attachment "B, B1, B2, B3, B4, B5, B6 and B7", in direct violation of 21 U.S.C. § 335 and the lawful appellate process, well after being given notice of appeal.

A careful examination of the record will show that UNITED STATES Respondent Califf did cause to be filed yet another document into UNITED STATES District Court record on 08/09/16, DE # 75, herein attachment "C, C1, C2 and C3", in direct violation of 21 U.S.C. Section 335 and the lawful appellate process, well after being given notice of appeal.

A careful examination of the record will show that UNITED STATES Respondent Reeves did file yet another two documents into the record on 08/16/16, DE# 76, herein attachment "D",and DE# 77 herein attachment "E, E-1, E-2 and E-3"; on the same day,in direct violation of the lawful appellate process well after receiving notice of appeal.

## Relief Sought

Within Mandamus we would like the UNITED STATES Trial court judge to stop working in unison with the UNITED STATES prosecution to establish a record on a matter clearly under appeal before this Honorable Court. We demand preservation of our fourteen day allotment of time to address the issues on the record involving, but not limited to, our expert witnesses. We demand all movement at the UNITED STATES inferior court after June 30, 2016 expunged from the record. We demand all forward progression ceased at the UNITED STATES inferior court until the appellate process can be completed.

## Issues Presented

1) How Can UNITED STATES Prosecution and UNITED STATES Judge move while this UNITED STATES Matter is under appeal with this Court as of June 30, 2016?

2) Would the fact, that the same set of facts, are active within the alleged jurisdiction of the UNITED STATES District Court at the same time as this Court not cause a double jeopardy issue along with the obvious administrative due process and jurisdictional issue on appeal with this Honorable Court?

3) How can the UNITED STATES Respondents file new motions and then grant the motions when the matter is before this Court?

4) Who is advising UNITED STATES trial court Judge/Respondent Reeves, Please see DE# 73 and DE# 76, herein attachment "A" and "D", noting the first five words on #76.

If anyone is advising the UNITED STATES court and is an employee of UNITED STATES would this not constitute an ex Parte communication? Where the Plaintiff is UNITED STATES, the charging agent is UNITED STATES, the Prosecutor is UNITED STATES and now the court is also UNITED STATES? This is, by the very definition, Ex Parte, is it not?

5) In DE# 61 Judge Wier stated this is an Article III Court making this action, as described within number four, highly unusual, at best, if not illegal. Samuel demands to know the Nature and Cause of the action at the lower court and now in this court, again, an appeal question and only used to further our point in Mandamus.

## Facts Surrounding Issues

The glaringly clear administrative jurisdictional issue that will be addressed on appeal.

Everything asked for by the Defense was denied, even clarification of word usage, while everything asked for by the Plaintiff was Granted, bar none, even after appeal was filed.

Double Jeopardy, the inferior court moved absent the jurisdiction due to the fact that the matter was under appeal with the Sixth Circuit Court. The same set of facts, active in two different courts on two different docket numbers at the same time is Double Jeopardy!

## Why Writ should be issued

This Writ should be issued to ensure that the last vestiges of Truth, Justice and the American way of life is not lost to corporate greed, governmental corruption and to allow the the proper appellate process to continue without perversion, legal trickery or deception.

The writ should issue to command the respondents to follow the codes, statutes, regulations and laws as written including but not limited to 21 U.S.C. § 335, 5 U.S.C. § 554, etc.

The writ should issue to command the respondents to expunge from the record any movement after 6/30/16 and cease all forward progression at the UNITED STATES inferior court until the appellant process can be completed to avoid further damage to the accused and his valid proper defense.

Anything within this document outside of the normal is not done out of disrespect of this Court but done of our lack of knowledge of the rules and should be addressed on the merits and not procedural errors.

*Haines v. Kerner, 404 U.S. 520 (1971)*
*Supreme Court found that pro se pleadings should be held to "__less stringent standards__" than those drafted by attorneys.*

By my Hand: _____

Samuel, House of Girod

End of Document

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-087-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. GIROD, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, having considered this matter and being sufficiently advised, it is hereby

**ORDERED** that the jury trial in this matter, previously scheduled for July 26, 2016, is **CONTINUED GENERALLY**, pending resolution of Defendant's interlocutory appeal and the pending motions filed by the United States. This delay is excluded under the Speedy Trial Act. In this case, the ends of justice served by the continuance outweighs the best interests of the public and the defendant in a more speedy trial. More specifically, the Court finds that the continuance in necessary to permit adjudication of Girod's interlocutory appeal as well as the pretrial motions that are pending in this matter. Therefore, the Court finds that the period of time from July 7, 2016, through the prompt resolution of these matters is excluded under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(C), (D).

This 7th day of July, 2016.



Signed By:
*Danny C. Reeves* DCR
**United States District Judge**



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-87-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. GIROD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of the United States' motions *in limine*, asking the Court to exclude: (i) Defendant Samuel Girod's proposed "expert" testimony at trial; and (ii) his evidence concerning a Private Membership Association as a defense at trial. [Record Nos. 67; 68] The defendant has not filed any responses in opposition to these motions, and the time to do so has expired. Thus, they are ripe for review. For the reasons outlined below, the Court will grant the motions *in limine*.

## I.

A more detailed factual summary of this matter appears in the Court's June 22, 2016 Memorandum Opinion and Order denying Girod's motion *in limine*. [Record No. 66, pp. 1–3] In essence, Girod is charged with twelve counts ranging from obstruction of justice to introducing into interstate commerce misbranded products in violation of 21 U.S.C. §§ 331(a) and 333(a)(2). [Record No. 1, ¶¶ 17–44] The charges center around his manufacturing and distribution of certain salves at an establishment not registered with the Food and Drug Administration ("FDA") under 21 U.S.C. § 360(b)(l), (c)(l).

- 1 -

On June 24, 2016, the Court denied the defendant's motion to dismiss the Indictment. [Record No. 70] Girod has filed a Notice of Appeal regarding the Court's June 24, 2016 Memorandum Opinion and Order, and that attempted appeal is pending. [Record No. 71] As a result, the trial of this matter has been continued generally pending resolution of the interlocutory appeal and the United States' three motions, two of which are addressed here. [*See* Record No. 73.] First, the Government seeks to exclude Girod's proposed expert witness testimony as irrelevant and/or unreliable under Rules 402 and 702 of the Federal Rules of Evidence. [Record No. 68] Second, the United States asserts that Girod should not be able to present evidence regarding the sale of his products through a "Private Membership Association" because such a defense is not viable. [Record No. 67] The Court agrees with the United States and will grant its *in limine* requests.

## II.

### A.     Girod's "Expert" Testimony

The United States requests an *in limine* determination that Girod's proposed expert witnesses cannot offer their opinion testimony at trial. [Record No. 68, p. 1] In his "Expert Witness Notification," the defendant indicates his intent to present the testimony of 45 customers of his business who have used the salves at issue and can attest to their efficacy. [Record No. 53] The Government argues that the testimony is irrelevant under Rule 402 of the Federal Rules of Evidence and that it constitutes improper opinion evidence under Rule 702 and the holding in *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591–92 (1993).

Irrelevant evidence is not admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence;

- 2 -

B-1

and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Here, the efficacy of Girod's salves is not at issue. It is clearly irrelevant to the charges in the Indictment relating to obstruction of justice. [Record No. 1, ¶¶ 17–18, 23–24, 43–44] Nor is the efficacy of the salves relevant to the counts concerning violations of the Federal Food, Drug, and Cosmetic Act ("FDCA"). For instance, Count 3 charges Girod will failing to register with the FDA in accordance with 21 U.S.C. § 360. [*Id.*, ¶ 26] Whether Girod's salves act as healing agents has nothing to do with whether Girod was properly registered with the FDA.

The remaining counts all address the inadequate labeling of Girod's products. *See* 21 U.S.C. §§ 331(a) and 333(a)(2). [*Id.*, ¶¶ 27–42] Regardless of the benefits of the salves, the labeling could still be inadequate based on any potential dangers, or any failure to warn the customers about limitations and proper use of the products. Because the efficacy of the salves does not make it more or less probable that Girod violated the registration and labeling requirements of the FDCA, evidence concerning that issue must be excluded as irrelevant under Rule 402.

Next, Rule 702 provides that:

[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Rule reflects the Supreme Court's holding in *Daubert*, 509 U.S. at 592. *See* Fed. R. Evid. 702 Advisory Committee's Note (2000 Amendment). As the United States Court of Appeals for the Sixth Circuit explained in *In re Scrap Metal Antitrust*

- 3 -

B-2

*Litigation*, a proposed expert's opinion testimony is admissible, at the district court's discretion, if three requirements are met: (1) the witness must be qualified by "knowledge, skill, experience, training, or education;" (2) the testimony must be relevant; and (3) the testimony must be reliable. 527 F.3d 517, 529 (6th Cir. 2008) (citing Fed. R. Evid. 702).

The United States argues that Girod's proposed opinion testimony fails to meet any of the three requirements outlined in *In re Scrap Metal Antitrust Litigation*. [Record No. 68, p. 3] First, Girod has not provided information regarding the witnesses' qualifications. Although they purport to have used the salves at issue, the defendant must establish that the proposed witnesses' backgrounds include "specialized" knowledge that is "beyond the scope of the ordinary juror." *See Zuzula v. ABB Power T & D Co.*, 267 F. Supp. 2d 703, 713 (E.D. Mich. 2003). In *Mahaney ex rel. Estate of Kyle v. Novartis Pharmaceuticals Corp.*, the district court excluded a lay witness' statement that a drug caused her bones to harden. 835 F. Supp. 2d 299, 304 (W.D. Ky. 2011). The court reasoned that the statement constituted inadmissible opinion evidence under Rule 701. *Id.* Girod's proposed witnesses resemble the witness in *Mahaney*. In reality, they are lay witnesses attempting to provide expert testimony that is improper under Rule 701.

Although "the accrual of specialized knowledge through experience is sufficient to create expertise," that experience must be extensive. *United States v. Lawson*, Criminal Action No. 3:08-21-DCR, 2009 WL 1208014, *4 (E.D. Ky. May 1, 2009) (permitting auditor to testify as expert due to his credentials and "many years of practical experience in performing audit work"); *Fee v. Brass Eagle, Inc.*, No. 3:00CV7786, 2002 WL 1465762, *6 (N.D. Ohio Jun. 3, 2002) (reasoning that the expert had "extensive experience with firearms"). Here, on the other hand, Girod's proposed witnesses have not shown that they have extensive experience with

B-3

salves, the pharmaceutical industry, or FDCA regulations.[1]  In other words, Girod has failed to demonstrate that his proposed experts are qualified by specialized knowledge, skill, experience, training, or education as required by Rule 702. *See Zuzula*, 267 F. Supp. 2d at 713.

In addition, as explained above, the proposed testimony is irrelevant because it will not assist the jury in resolving a fact in issue. *See* Fed. R. Evid. 702(a).  Although Girod's salves might cure some ills and operate safely under certain conditions, such benefits do not change the fact that he allegedly failed to comply with FDCA labeling and registration requirements. Moreover, the proposed statements are unreliable because they are not based on sufficient facts or data and are not the product of reliable principles and methods. *See* Fed. R. Evid. 702(b), (c).  Instead, they are based entirely on limited personal experience.  *See, e.g., Avendt v. Covidien, Inc.*, __ F.R.D. __, 2016 WL 1566890, *14 (E.D. Mich. Apr. 19, 2016) (excluding physician's opinion testimony because the "experience-based" testimony was not of "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" of medicine) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).  Because Girod's proposed opinion testimony is both irrelevant and unreliable, it will be excluded under Rule 702.

---

[1]      The Court further notes that the experts' summaries regarding their proposed testimony likely fail to meet the requirements of Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, assuming the United States requested such summaries. *See, e.g., United States v. White*, 492 F.3d 380, 405–406 (6th Cir. 2007) (reasoning that "vague avowal of experience concerning cost report issues and Medicare audits" was insufficient for Fiscal Intermediary witnesses to testify about the structure and procedures of the Medicare program, and explaining that the individuals testified as "lay" witnesses when they "discussed facts as they personally perceived them").

B-4

### B.   Private Membership Defense

The United States also seeks to exclude at trial evidence regarding Girod's anticipated defense based on the sale of his products through a "Private Membership Association" ("PMA"). [Record No. 67, p. 1] By letters dated February 13 and 21, 2014, and September 8, 2015, Girod advised the FDA, Assistant District Attorney Curt Bohling, Assistant United States Attorney Andrew Boone, and Federal Investigator Steven Lamp that state and federal agencies have no jurisdiction to investigate or prosecute his activities conducted under the umbrella of a PMA. [Record Nos. 67-1; 67-2; 67-3] The defendant based his arguments on the free speech guarantees of the First and Fourteenth Amendments to the United States Constitution, as expressed in *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415 (1963).

Although there is scant case law on this issue, the courts that have addressed it have determined that PMAs are subject to the requirements of the FDCA. *See Lytle v. United States Dep't of Health & Human Servs.*, 612 F. App'x 861, 861–62 (8th Cir. 2015) (rejecting plaintiff's argument that FDA lacked regulatory jurisdiction over his marketing of laser devices because he distributed them through non-commercial PMAs); *United States v. Cole*, 84 F. Supp. 3d 1159, 1170 (D. Or. 2015) (explaining that defendant's plan to form a PMA to disseminate his technology and products demonstrated an intent to "flout" any valid injunction issued in accordance with the FDCA); *United States v. 2035, Inc.*, Civ. No. 14-5075-JLV, 2015 WL 213170, *5, 7 (D.S.D. Jan. 14, 2015) (determining that distribution of laser system through PMAs was still subject to regulation by the FDA); *United States v. Allgyer*, No. 11-02651, 2012 WL 355261, *4 (E.D. Pa. Feb. 3, 2012) (criticizing defendant for maintaining "the

B-5

attitude that his participation in private membership associations, which sell raw milk in interstate commerce, cannot be regulated by the FDA").

Further, none of the cases cited by Girod address how PMAs should be viewed under the FDCA's regulatory requirements. *See, e.g., Button*, 371 U.S. at 419, 437 (dealing with advocacy of civil rights litigation and provisions of state code forbidding solicitation); *Thomas v. Collins*, 323 U.S. 516, 518 (1945) (addressing solicitation of members for labor union participation). Moreover, Girod's circumstances do not involve the same speech and expression-related concerns that appeared in those cases. *See Button*, 371 U.S. at 452 (focusing on the "advocacy" promoted by the organizational plaintiff); *Thomas*, 323 U.S. at 324 ("The right thus to discuss, and inform people concerning, the advantages and disadvantages of unions and joining them is protected not only as part of free speech, but as part of free assembly."). The present criminal action does not seek to prevent Girod or the members of his PMA from assembling to discuss certain healing remedies. Therefore, the cases cited by Girod fail to support his position. Moreover, the FDCA specifically states that an "association" is considered a "person" subject to its requirements. 21 U.S.C. § 321(e).

Because Girod's anticipated defense based on his membership in a PMA is not viable under federal law, Girod's evidence related to PMAs is irrelevant to the extent he uses such evidence as a defense for his conduct. *See* Fed. R. Evid. 402; *see, e.g., Studer v. Booker*, No. 09-14434, 2013 WL 425819, *10–11 (E.D. Mich. Jan. 24, 2013) (where state law eliminated diminished mental capacity short of legal insanity as a viable defense to first-degree murder, evidence of petitioner's diminished capacity was irrelevant and inadmissible). Consequently, the probative value of such evidence is substantially outweighed by the risk of unfair prejudice,

B-6

confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 403. Therefore, the Court will grant the United States' motion to exclude such evidence.

### III.

Girod's proposed expert opinions are irrelevant under Rule 402 of the Federal Rules of Evidence and fail to meet the standards for opinion testimony under Rule 702. In addition, to the extent Girod desires to present evidence regarding Private Membership Associations as a defense to his criminal liability in this matter, such evidence is irrelevant and unduly prejudicial under Rules 402 and 403. Accordingly, it is hereby

**ORDERED** as follows:

1.    The United States' motion *in limine* to exclude Defendant Samuel Girod's proposed expert testimony [Record No. 68] is **GRANTED**. Opinion testimony from the witnesses identified by Girod in his Expert Witness Notification [Record No. 53] will be excluded at trial.

2.    The Government's motion *in limine* to exclude evidence regarding Private Membership Associations as a defense [Record No. 67] is **GRANTED**. Inasmuch as the defendant seeks to present such evidence as a defense to his criminal conduct, it will be excluded at trial.

This 21st day of July, 2016.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**

- 8 -

B-7

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

**CRIMINAL ACTION NO. 5:15-CR-87-DCR-REW**

**UNITED STATES OF AMERICA**                  **PLAINTIFF**

**V.**          **NOTICE OF INTENT TO SEEK ADMISSION OF**
             **ADDITIONAL RULE 404(b) EVIDENCE**

**SAMUEL A. GIROD**                 **DEFENDANT**

\* \* \* \* \* \*

The United States hereby gives notice of its intent to introduce additional evidence under Federal Rule of Evidence 404(b) ("Rule 404(b)"). This supplements the previous Rule 404(b) notice filed on May 4, 2016. *See* Docket Entry ("DE") 50.

The indictment alleges that defendant Samuel A. Girod introduced and delivered for introduction into interstate commerce, with the intent to defraud and mislead, three products which were misbranded within the meaning of the Food Drug and Cosmetics Act. *See* DE 1, Indictment ¶¶ 27-42. The Indictment charges eight violations of 21 U.S.C. § 331(a) whereby the Defendant introduced the three misbranded products between September 27, 2013 and January 10, 2014. In addition to the transactions charged the indictment, the United States gave notice that it intends to introduce evidence of two additional transactions when the Defendant attempted or did introduce his misbranded drugs into interstate commerce, as Rule 404(b) evidence of the Defendant's intent to defraud. The United States now supplements that notice to include more recent evidence of the Defendant's continued commitment to sell his violative products despite being under federal indictment for doing so.

The United States intends to introduce the following evidence under Rule 404(b): On May 26, 2016, the Defendant placed an order for 3,000 new labels for Chickweed Healing Salve,

and 5,000 brochures for Chickweed Healing Salve.  On approximately June 8, 2016, he picked up the labels and paid $1,619 for the order.  The current label for Chickweed Healing Salve includes the same ingredients and similar claims as before, that the product is "For Healing of the Skin: Like Dry skin, cuts, burns, poison ivy, and draws."  The current brochure, published over six months after the Defendant was arraigned on criminal charges for distributing this same product, advertises it is "good for a variety of skin disorders such as psoriasis, skin cancer, rashes, sore throat, cuts, burns, poison ivy, colds, diaper rash, tooth infections, etc..."  As with prior promotional material, the brochure includes the same "testimonials" describing customers' use of the product to cure burns, burns, mouth sores, rashes, bites, pre-cancers, psoriasis, eczema, skin cancer lesions, hemorrhoids, and tumors.  Similarly, in December 2015, the Defendant ordered and paid for 100 bound catalogs of his products, including all three products at issue in the present matter:  Chickweed Healing Salve (renamed "Original Chickweed"), R.E.P. (renamed "Sine-Eze"), and TO-MOR-GONE.  Both the catalog and promotional brochures include order forms for ordering said products.  The catalog order forms direct clients to Satterfield Naturals, located at 409 Satterfield Lane, Owingsville, KY 40360, Defendant Girod's address.

Evidence may be admitted under Rule 404(b) to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).  "To determine if evidence of other acts is probative of intent, we look to whether the evidence relates to conduct that is 'substantially similar and reasonably near in time' to the specific intent offense at issue." *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011) (quoting *United States v. Haywood*, 280 F.3d 715, 721 (6th Cir. 2002)).  For this purpose, "the prior acts need not duplicate exactly the instant charge, but need only be sufficiently analogous

C-1

to support an inference of criminal intent." *United States v. Benton*, 852 F.2d 1456, 1468 (6th Cir. 1988). When a defendant is charged with a specific intent crime, as Defendant Girod is, Rule 404(b) evidence is admissible to prove intent. *United States v. Trujillo*, 376 F.3d 593, 605 (6th Cir. 2004); *United States v. Brown*, 147 F.3d 477, 483 (6th Cir. 1998) (finding evidence that defendant conducted new telemarketing scam after he was indicted was admissible to prove intent to deceive or defraud); *see also United States v. De Oleo*, 697 F.3d 338 (6th Cir. 2012) (finding evidence that a person who ran a fraudulent clinic had been involved with similar clinics was admissible under Rule 404(b) either to knowledge and intent, or as background evidence).

Evidence the Defendant continues to manufacture, distribute, and sell his products in violation of the Food, Drug and Cosmetic Act, despite being under federal injunction and now federal indictment, is highly probative of the Defendant's intent to defraud, and his plan and preparation for executing the charged offense. The new promotional material in no way reveals the existence of a federal injunction or federal criminal proceedings related to the Defendant's sale of these products. Nor does the Defendant appear to advertise that he is selling customers products in violation of Federal law. The Defendant now has years of interactions with regulatory and law enforcement personnel and has been excessively warned that continuing to manufacture and sell these three products in interstate commerce is in violation of federal law. Evidence of his continued promotional activity is highly probative of his intent and should be admitted under Rule 404(b). It also shows his preparation and plan to sell these products in violation of federal law, as he relied on the same printing vendor for preparing the promotional material and the new material is nearly identical to previous promotional materials.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

3



Case: 5:15-cr-00087-DCR-REW   Doc #: 75   Filed: 08/09/16   Page: 4 of 4 - Page ID#: 393

BY:   /s/ Kate K. Smith
      Assistant United States Attorney
      260 W. Vine Street, Suite 300
      Lexington, KY 40507
      (859) 685-4855
      kate.smith@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2016, I electronically filed the foregoing with the Clerk

of the Court by using the CM/ECF System, and mailed a copy to the Defendant, via Federal

Express, to the following address:  409 Satterfield Lane, Owingsville, KY  40360.

                              /s/ Kate K. Smith
                              Assistant United States Attorney

4



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-087-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. GIROD, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court being sufficiently advised, it is hereby

**ORDERED** that a status conference shall be held in this matter on **Friday, August 26, 2016,** beginning at the hour of **11:00 a.m.,** at the United States Courthouse in Lexington, Kentucky. The parties are advised that the Court intends to schedule a new trial date at the time of the status conference.

This 16th day of August, 2016.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-87-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. GIROD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the United States' motion for the Court to determine that certain exhibits are self-authenticating so that the United States will not be required to produce extrinsic evidence of their authenticity for admission at trial. [Record No. 69] Defendant Samuel Girod has not filed a response in opposition to this motion, and the time to do so has expired. The motion is ripe for review.

For the reasons outlined below, the Court will grant the United States' request.

**I.**

The defendant is charged with twelve counts, ranging from obstruction of justice to introducing into interstate commerce misbranded products in violation of 21 U.S.C. §§ 331(a) and 333(a)(2). [Record No. 1, ¶¶ 17–44] The charges involve Girod's alleged manufacturing and distribution of certain salves at an establishment not registered with the Food and Drug Administration ("FDA") under 21 U.S.C. § 360(b)(l), (c)(l). [*Id.*, ¶ 3]

On June 24, 2016, the Court denied the defendant's motion to dismiss the Indictment. [Record No. 70] Girod then filed a Notice of Appeal regarding the Court's determination.



That appeal is pending. [Record No. 71]  As a result, the trial of this matter was continued generally to allow resolution of the interlocutory appeal, two motions *in limine*, and the present motion.  [*See* Record No. 73.]  The Court granted the United States' motions *in limine* to exclude Girod's proposed expert witness testimony and evidence regarding Private Membership Associations as a defense at trial.  [Record No. 74]  The matter has been set for a status conference on August 26, 2016, for the purpose of scheduling a new trial date.  [Record No. 76]

II.

Through the present motion, the Government seeks an Order finding that certain copies of checks and bank records produced by Owingsville Banking Company are self-authenticating under Rule 902(11) of the Federal Rules of Evidence, meaning the United States would not be required to produce extrinsic evidence of their authenticity for their admission at trial.  [Record No. 69, p. 1]  The United States has submitted "Affidavits of Authenticity" signed by custodians of the relevant records at the banking company as an attachment to its motion.  [Record No. 69-1]

Under Rule 902, "a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court," is self-authenticating, requiring "no extrinsic evidence of authenticity" for admission. Fed. R. Evid. 902(11).  Rule 803(6) refers to an exception to the rule prohibiting admission of hearsay at trial.  More specifically, records of a regularly-conducted activity are excluded from the rule against hearsay.  Such records are admissible if: (A) they were made at or near the time of the act, event, or condition by someone with knowledge; (B) they were kept in the course of a

- 2 -

regularly conducted activity of a business, organization, occupation, or calling; (C) the making of the record was a regular practice of that activity; (D) the conditions are shown by a certification complying with Rule 902(11); and (E) the opponent does not show that the source of the information or the method of preparation indicate a lack of trustworthiness. Fed. R. Evid. 803(6)(A)–(E).

In *United States v. Kilpatrick*, the district court granted the Government's motion *in limine* for a pretrial determination of the authenticity of text messages under Rule 901, which requires a proponent of certain evidence to authenticate or identify that evidence. No. 10-20403, 2012 WL 3236727, *3 (E.D. Mich. Aug. 7, 2012) (citing Fed. R. Evid. 104). The court concluded that the Confrontation Clause of the Sixth Amendment to the United States Constitution was not implicated by a pretrial evidentiary ruling on authentication. *Id.* at *4. Because it was appropriate to determine the authenticity of certain evidence before the trial in a case involving Rule 901, it is even more appropriate to do so in the present action, which involves self-authenticating documents.

Here, the United States has provided certification from the proper custodians in accordance with Rules 902(11) and 803(6). For example, the custodians certify that the exhibits are "originals or duplicates of a domestic record of regular[ly] conducted activity" that were "[m]ade at or near the time of the occurrence," "[k]ept in the course of the regularly conducted activity," and that "the regularly conducted activity" was a "regular practice." *See* Fed. R. Evid. 803(6)(A)–(D). [Record No. 69-1 pp. 2–3] Further, due to Girod's failure to respond to the present motion, he has not shown that the source of the information or the method or circumstances of preparation of the records indicate a lack of trustworthiness. *See* Fed. R. Evid. 803(E). As a result, the Court finds that the records from Owingsville Banking

C-2

Company are self-authenticating, and no extrinsic evidence of their authenticity is required at trial. *See* Fed. R. Evid. 902(11). While it is unnecessary that the Court enter a pretrial Order regarding such self-authentication, because the United States has made such a request, the request will be granted.

## III.

The United States' proposed exhibits in the form of copies of checks and bank records produced by Owingsville Banking Company are self-authenticating under Rule 902(11) of the Federal Rules of Evidence and require no extrinsic evidence of authenticity for their admission at trial. Accordingly, it is hereby

**ORDERED** that the United States' motion for an Order regarding proposed exhibits [Record No. 69] is **GRANTED**. The Government is not required to produce extrinsic evidence of the authenticity of the following exhibits for their admission at trial: 9A, 9B, 12, 14, 17, 21, 22, 24, 27, 30, and 32.

This 16th day of August, 2016.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**

E-3

# Certificate of Service

I, Samuel, did cause to be serviced by my hand or United States Postal Service signature required on this day;

Office of the Honorable Andy Beshear
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601

Attorney General
Loretta E. Lynch
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Respondent/Defendant Robert Califf
C/o
 White Oak Campus,
10903 New Hampshire Avenue,
Silver Spring, Maryland 20993

Respondent/Defendant Danny C. Reeves
C/o
101 Barr Street
Lexington, KY 40507

By my Hand: _____

Samuel, House of Girod

End of Document