Eastern District of Kentucky
F I L E D

MAR 0 1 2017

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

UNITED STATES OF AMERICA,       )
                                )
              Plaintiff,        )    Criminal Action No. 5: 15-87-S-DCR
                                )
V.                              )
                                )
SAMUEL A. GIROD,                )    **JURY INSTRUCTIONS**
                                )
              Defendant.        )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## INSTRUCTION NO. 1

### Introduction

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     After that, I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

(4)     Then I will explain the defendant's position.

(5)     Next, I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)     And last, I will explain the rules that you must follow during your deliberations

-1-

in the jury room, and the possible verdicts that you may return.

(7)     Please listen carefully to all of these instructions.

## INSTRUCTION NO. 2

### Jurors' Duties

(1)     You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)     The parties might have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

(4)     Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## <u>INSTRUCTION NO. 3</u>

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

(1)    As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

(2)    Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)    This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)    The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)    Proof beyond a reasonable doubt means proof which is so convincing that you

would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 4

### Evidence Defined

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

(3)     Nothing else is evidence.  The parties' statements, other than Mr. Girod's testimony given under oath, are not evidence.  The parties' arguments, questions, and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers or Mr. Girod asked.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things. Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

## <u>INSTRUCTION NO. 5</u>

### Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## <u>INSTRUCTION NO. 6</u>

### Direct and Circumstantial Evidence

(1)     Now, you have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 7

### Credibility of Witnesses

(1)      Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2)      Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)      Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)      Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)      Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)      Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E)      Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that

might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something, (or failed to say or do something), at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

### Number of Witnesses

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INSTRUCTION NO. 9

### Pro Se Defendant

(1)     Defendant Girod has represented himself in this trial.  He has a constitutional right to do that.  His decision to represent himself has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

(2)     Because the defendant has decided to act as his own lawyer, you heard him speak at various times during the trial.  He made a closing argument, and asked questions of witnesses, made objections, and made arguments to the Court.  I want to remind you that when the defendant spoke in these parts of the trial, he was acting as a lawyer in the case and his words are not evidence.  The only evidence in the case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

## **INSTRUCTION NO. 10**

### **Objections**

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2)     The government and the Defendant objected to some of the things that were said or done during the trial. Do not hold that against either side. Parties object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on the objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 11

### Introduction

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

(3)     Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 12

### Separate Consideration

(1)     The defendant has been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.  For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2)     Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 13

### On or About

(1)      Next, I want to say a word about the dates mentioned in the indictment.

(2)      The indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

## INSTRUCTION NO. 14

### Inferring Required Mental State

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)     You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 15

### Count 1:  Conspiracy to Impede an Officer of the United States
### (18 U.S.C. § 372)

(1)      In Count 1, the defendant is charged with conspiring to impede an officer of the United States from discharging his duties in violation of federal law.  It is alleged that this action occurred on or about November 21, 2013.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

(2)      A conspiracy is a kind of criminal partnership.  For you to find the defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)      The defendant agreed with one or more persons to do one of the following:

(1)      to prevent, by force, intimidation, or threat, any officer of the United States from discharging his or her duties of office; or

(2)      to induce, by force, intimidation, or threat, any officer of the United States to leave the place where his or her duties as an officer are required to be performed; and

(B)      the defendant knowingly and voluntarily joined the conspiracy.

Now I will give you some more detailed instructions on some of these terms.

(1)      With regard to the first element, a criminal agreement, the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of impeding an officer of the United States.

This does not require proof of any formal agreement, written or spoken.  Nor does this

-18-

require proof that everyone agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to impede an officer of the United States. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(2)     With regard to the second element, the defendant's connection to the conspiracy, the government must prove that the defendant knowingly and voluntarily joined that agreement.

The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because the defendant may have done

-19-

something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

**INTRUCTION NO. 16**

**Count 2:  Obstruction of Proceedings Before An Agency**
**(18 U.S.C. § 1505)**

(1)     Count 2 of the indictment charges the defendant with obstructing a proceeding before an agency of the United States.  It is alleged that this action occurred on or about November 21, 2013.  For you to find the defendant guilty, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(2)     That on or about November 21, 2013, there was a proceeding pending before an agency of the United States;

(3)     The defendant knew of the pending proceeding;

(4)     The defendant endeavored to influence, obstruct, or impede the proceeding, and

(5)     The defendant did so corruptly, or by threats or force, or by any threatening communication.

"Agency of the United States" as used in Count 2 includes the United States Food and Drug Administration and a "proceeding" includes an inspection by the Food and Drug Administration.

"Corruptly" means acting with an improper purpose, personally or by influencing another.

Success of the endeavor is not an element of the crime.  Therefore, it is sufficient to satisfy this element if you find that the defendant made any effort or acted for the purpose of obstructing or impeding the proceeding.

If you are convinced that the government has proved all of the elements, say so by

returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 17

### Count 3:  Failure to Register with the FDA
### (21 U.S.C. § 331(p))

Count 3 of the indictment charges the defendant with failing to register his establishment with the Food and Drug Administration.  It is alleged that this action occurred from in or about September 2013 and continuing through in or about July 2015.  For you to find the defendant guilty, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(1)    The defendant operated an establishment engaged in the manufacture, preparation, compounding, or processing of a drug or drugs;

(2)    The defendant failed to register that establishment with the Food and Drug Administration; and

(3)    The defendant acted with the intent to defraud or mislead.

Here, "drug" means any article, except food, that is intended to affect the structure or any function of the human body and/or is intended for use in the diagnosis, cure, mitigation, treatment, or prevention of human disease.  If an article is a drug, then any and all substances or ingredients that are intended to be used as a component of that article are also considered drugs.  Later, I will provide additional instructions on how to determine whether an article is intended to affect the structure of function of the human body, or to diagnose, cure, mitigate, treat or prevent human disease.

If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge.

-23-

You are further instructed that the defendant could have violated the law, even if he did not act with the intent to defraud or mislead.  If you find that the government proved the first two elements beyond a reasonable doubt, but did not prove that the defendant acted with the intent to defraud or mislead, you should indicate that you find that he has violated the law without the intent to defraud or mislead.

If you find that the government did not prove that the defendant acted with the intent to defraud or mislead and you also have reasonable doubts about either of the remaining elements, you must find the defendant not guilty of this charge.

**INSTRUCTION NO. 18**

**Counts 4—11:  Misbranded Drugs**
**21 U.S.C. § 331(a)**

Counts 4 through 11 of the indictment ·charge the defendant with introducing misbranded drugs into interstate commerce.  The action charged in Count 4 is alleged to have occurred on or about September 27, 2013.  The actions charged in Counts 5 and 6 are alleged to have occurred on or about October 14, 2013.  The actions charged in Counts 7, 8, 9, and 10 are alleged to have occurred on or about November 13, 2013.  The action charged in Count 11 is alleged to have occurred on or about January 10, 2014.  For you to find the defendant guilty of these charges, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(1)     The defendant introduced or delivered (or caused to be introduced or delivered) for introduction into interstate commerce the produced specified in the count;

(2)     The product was a drug;

(3)     The drug was misbranded in at least one way; and

(4)     The defendant acted with the intent to defraud or mislead.

You are further instructed that the defendant could have violated the law, even if he did not act with the intent to defraud or mislead.  If you find that the government proved the first three elements beyond a reasonable doubt, but did not prove that the defendant acted with the intent to defraud or mislead, you should indicate that you find that he has violated the law without the intent to defraud or mislead.

If you find that the government did not prove that the defendant acted with the intent

to defraud or mislead and you also have reasonable doubts about any of the remaining elements, you must find the defendant not guilty of this charge.

I will now provide some additional instructions on some of these terms.

## INSTRUCTION NO. 19

### Interstate Commerce

For Counts 4 through 11 of the indictment, "interstate commerce" means commerce that occurs between any state and any place outside that state. If you find that Chickweed Healing Salve, TO-MOR-GONE, or R.E.P. went from Kentucky to a place outside of Kentucky, or that the defendant caused the introduction of Chickweed Healing Salve, TO-MOR-GONE, or R.E.P., or a component of those products from one state to another, then you must find that the Chickweed Healing Salve, TO-MOR-GONE, or R.E.P. identified in the specific count was introduced into interstate commerce.

## INSTRUCTION NO. 20

### "Drug"

To determine whether an article is "intended to affect the structure or any function of the human body," you should consider the product's intended use. A product's intended use is what a reasonable person would conclude the manufacturer, sellers, or dispenser of the product intended the product to be used for, based on all relevant information.

To determine a product's intended use, you may consider any and all testimony and evidence, including:

(1)     The product's labeling, promotional materials, advertising, and oral representations made about the product;

(2)     The circumstances surrounding the sale of the product to customers;

(3)     Whether the product is offered to or used by customers for a purpose that is not consistent with its labeling, with the knowledge of the manufacturer, seller, or dispenser of the product.

You are not bound by any particular claims or statements made by the manufacturer, seller or dispenser if there is other evidence concerning intended use and it conflicts with those claims or statements. If there is no label, accompanying label, promotional material, advertising, or oral representations made about the product on a particular occasion, you may still find that the product was intended for use as a drug if other evidence establishes this intended use, such as previous labeling, marketing, or promotion of the product by the manufacturer, seller, or dispenser.

-28-

## INSTRUCTION NO. 21

### "Misbranded"

Counts 4 through 11 of the indictment describe various ways a drug may be misbranded under the law. Not all counts allege that particular products have been misbranded in the same ways, and you must consider each count and each misbranding allegations separately. A drug is "misbranded" is you find any of the following to be true, beyond a reasonable doubt:

(A)     The drug's labeling did not bear adequate instructions for use;

(B)     The drug was manufactured, prepared, propagated, compounded, or processed in an establishment that was not registered with the FDA;

(C)     The drug's labeling did not contain a listing of each active ingredient;

(D)     The drug's labeling did not include adequate health warnings against the drug's use where such use might be dangerous to one's health, in such manner and form as were necessary for the protection of users of the drug; or

(E)     The drug was dangerous to health when used in the dosage or manner, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof.

"Adequate directions for use" are directions under which a layperson could use a drug safely and for the purposes for which the drug is intended.

## INSTRUCTION NO. 22

### Unanimity Required on Misbranding

For you to find that the government has proved that a particular product identified in a particular count of the indictment was misbranded, you need not find that the defendant's products were misbranded in all of the ways alleged in the indictment. Rather, it would be sufficient for a particular count to find, beyond a reasonable doubt, that the product identified in that count was misbranded in any one of the alleged ways. However, you must unanimously agree upon which way the drug was misbranded for each count to find that element satisfied for that count.

### INSTRUCTION NO. 23

#### Intent to Defraud or Mislead

For counts 3 through 11 of the indictment, to act with the "intent to defraud or mislead" means to act with the specific intent to deceive or cheat, ordinarily for the purpose of causing financial loss to another or bringing about financial gain to the defendant or another.  It is not necessary, however, to prove that anyone was actually defrauded, as long as it is established beyond a reasonable doubt that the defendant acted with the intent to defraud.

To act with the "intent to mislead" means to act with the intent to create a false impression by misstating, omitting, or concealing material facts.  It is not necessary to prove that anyone was actually misled as long as it is proved beyond a reasonable doubt that the defendant acted with the intent to mislead.

Intent to defraud or mislead can be demonstrated through evidence that a defendant took steps, in connection with the acquisition or distribution of products, to conceal material facts from federal or state authorities, including the United States Food and Drug Administration, or consumers of the defendant's products.

You should find that the defendant acted with the intent to defraud or mislead if you find that he acted with intent to materially deceive the FDA or other government agencies, and thereby to hinder such agencies in carrying out their regulatory responsibilities.

This element is written in the disjunctive.  Accordingly, you can find that the defendant's actions were done either with the intent to defraud **or** the intent to mislead as long as you all agree on which intent and to whom it was directed.

-31-

## INSTRUCTION NO. 24

### "Label" or "Labeling"

"Label" means any display of written, printed, or graphic matter upon the immediate container of any article.

"Labeling" means all labels and other written, printed, or graphic matter upon any article or any of its containers or wrappers, or accompanying such article.

## INSTRUCTION NO. 25

### Count 12: Tampering with a Witness
### 18 U.S.C. § 1512(b)(2)(A)

Count 12 of the indictment charges the defendant with tampering with a witness. It is alleged that this action occurred on or about December 15, 2014. For you to find the defendant guilty of this charge, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(1)     The defendant threatened, attempted to threaten, or attempted to corruptly persuade another person or engaged in misleading conduct toward another person;

(2)     The defendant acted knowingly; and

(3)     The defendant acted with the intent to cause or induce any person to withhold records and documents from an official proceeding.

A person acts corruptly is he or she acts with the purpose of wrongfully impeding the due administration of justice.

"Official proceeding," as used in Count 12, includes an investigation of a federal grand jury in the Eastern District of Kentucky.

If you are convinced that the government has proved all of the elements beyond a reasonable doubt, say so by returning a guilty verdict on this count. If you have a reasonable doubt about any of the elements, then you must find the defendant not guilty of this charge.

### INSTRUCTION NO. 26

**Count 13:  Failure to Appear**
**18 U.S.C. § 3146**

Count 13 of the indictment charges the defendant with failure to appear.  It is alleged that this action occurred on or about August 26, 2016.  For you to find the defendant guilty of this charge, you must find that the government has proved each of the following elements beyond a reasonable doubt:

(1)     The defendant was previously charged with tampering with a witness or victim in this court;

(2)     The defendant was released on bond on the condition that he appear in court as required;

(3)     The defendant failed to appear as required; and

(4)     The defendant knew he was required to appear on that date and purposefully and knowingly failed to do so.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any of these elements, you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 27

### Defense Theory

(1)     That concludes the part of my instructions explaining the elements of the crimes. Next I will explain the defendant's position.

(2)     It is the position of the defendant that the government has not met its burden of proof to establish the crimes charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 28

### Introduction

Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 29

### Defendant's Testimony

(1)    You have heard the defendant testify.   Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2)    You should consider those same things in evaluating the defendant's testimony.

## INSTRUCTION NO. 30

### Opinion Testimony

(1)     You have heard the testimony of Dr. Jane Liedtka, who testified as an opinion witness.

(2)     You do not have to accept Dr. Liedtka's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight you think it deserves.

## INSTRUCTION NO. 31

### Other Acts of Defendant

You have heard testimony that the defendant introduced or attempted to introduce allegedly misbranded drugs on dates other than the ones charged in the indictment. The United States contends that evidence of other sales occurring September 27, 2013 through January 10, 2014 are probative of the defendant's intent to defraud. The United States asserts that evidence that the defendant placed orders for labels and brochures on May 26, 2016 (paid and picked-up on June 8, 2016) and in December 2015 which allegedly include impermissible claims about the products, are also probative of the defendant's intention to defraud, as well as his preparation and plan to sell products in violation of the law. If you find that the defendant did those acts, you can consider the evidence only as it relates to the government's claim of the defendant's intent, plan, and preparation. You must not consider it for any other purpose.

Remember that the defendant is only on trial for the counts in the indictment, not for other acts that are not specifically charged. Do not return a guilty verdict unless the government proves the crimes charged in the indictment.

## INSTRUCTION NO. 32

### Introduction

(1)     That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the parties about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4)     The exhibits introduced during trial will be available for your review.  Likewise, you will be given a copy of the Indictment filed in this case.  However, you are cautioned and warned that it is not evidence.  It is being given to you only as a guide to explain the changes that have been made in this case.  Finally, you will be given these jury instructions.

(5)     One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## INSTRUCTION NO. 33

### Experiments, Research, Investigation and Outside Communications

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as cell phone, or computer, the Internet, any Internet service, or any social media website such as Facebook or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.

## INSTRUCTION NO. 34

### Unanimous Verdict

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3)     To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, as to each count, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 35

### Unanimity Not Required–Means

(1)     One more point about the requirement that your verdict must be unanimous. Count 1 of the indictment accuses the defendant of committing the crime of Conspiracy to Impede an Officer in more than one possible way.  The first is that he and others physically surrounded the officers when they arrived to inspect his establishment.  The second is that he and others obstructed the officers' attempts to gather information about his establishment.  The third is that he and others prevented the officers from inspecting his establishment.

(2)     The government does not have to prove all of these for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt of any one these is enough.  To return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

## INSTRUCTION NO. 36

### Duty to Deliberate

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that — your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## <u>INSTRUCTION NO. 37</u>

### Punishment

(1)     If you decide that the government has proved the defendant guilty of one or more counts, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 38

### Verdict Form

(1)     I have prepared a verdict form that you should use to record your verdict.

(2)     If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 39

### Lesser Offenses

(1)      As I explained to you earlier, Count 3 contains the lesser charge of misdemeanor failure to register with the FDA and Counts 4 through 11 contain the lesser charge of misdemeanor misbranding.

(2)      If you find the defendant not guilty of having the intent to mislead or defraud on any of the counts—or, if after making every reasonable effort to reach a unanimous verdict, you cannot agree—then you must go on to consider whether the government has proved the lesser charges of misdemeanor failure to register and misdemeanor misbranding.  These charges require no intent at all.  The defendant did not have to intend to violate the law or know that he was violating the law.

(3)      If you decide that the government has proved the lesser charges beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the verdict form.  If you decide that the government has not proved the lesser charges beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 40

### Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 41

### Juror Notes

(1)     Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2)     Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.